### SILER *v.* COLOSIMO.

[No. 13,408. Filed June 7, 1929. Rehearing denied September 14, 1929.]

*Kliott & Hurley* and *Gavit, Hall, Smith & Gavit, Thomas J. Hurley, Frank N. Gavit* and *Albert H. Gavit,* for appellant.

*Homer E. Sackett, Wildermuth & Force, Ora L. Wildermuth* and *Robert L. McMahan,* for appellee.

LOCKYEAR, J.—The appellee in this action sold to the appellant a machine with which to manufacture cement blocks and the right to use the same in the city of Gary under a certain patent, which appellee had and owned. The consideration was $2,500, of which $1,000 was cash, and $1,500 was evidenced by fifteen notes of $100 each, signed by appellant and delivered to appellee.

It appears that the appellant became dissatisfied with his bargain and claimed that the machine was not practical and would not do the work for which it was intended, and complained to appellee about the matter, and as a result of their negotiations, did, on March 5, 1924, enter into a written contract in the words and figures following, to wit:

"Gary, Indiana, March 5, 1924.
"I hereby agree to sell and assign to Mr. Tony Colosimo all of the machinery, building, lease and other equipment located on the Michigan Central right of way, also my rights to the manufacture Colosimo Damp Proof building block in the city of Gary, Lake County, on the following conditions, $100 as a deposit, $700 in 30 days and balance 60 days or notes secured, payable at $50 per month and interest at the rate of 7%. I also agree to pay Mr. Pontius Heintz for lease in full to June 12, 1924. Said lease in included in this agreement.

The purchase price of which is $2,440.00. Price of lease per year from Mr. Heintz is $75.00.

"Homer S. Siler

"Tony Colosimo."

The appellee herein retained the original notes which he held against the appellant.

This action was brought by the appellant against the appellee on the last contract of sale of the property and patent back to the appellee, for the balance of $1,840 alleged to be due thereon.

The appellee filed a number of paragraphs of answer, one of which was a plea of payment and a set-off, which answer closed the issue upon which the case was tried.

It then became a question of fact whether the old notes held by the appellee were to be considered as canceled and held for naught in the new contract of sale back to appellee, or whether they were considered as a binding and legal obligation in the hands of the appellee. The court evidently found that the notes were legal and binding and were not considered as a part of the last contract of sale. The notes are not mentioned in the written contract, and, according to the well-established rule of written instruments, that which is not in the instrument was intended to be left out.

The appellee testified that, after the contract was made, appellant came in for money, and appellee said, "Why, now here is the notes. I will begin to pay you with notes that you delivered, and he said, 'All right' and I write a receipt, and Mr. Siler signed, and then Siler came back after a few days and he said the note was no good." The receipt referred to reads as follows and was admitted in evidence.

"April 12, 1924

"Received from Tony Colosimo, $1,400 to be applied on the cement plant and balance to be paid. Homer S. Siler."

The appellee introduced in evidence a number of what purported to be receipts for payments on the contract in question, from which the court held the appellee was entitled to credit on the contract sufficient to leave a balance due appellant of $202.91, for which amount the court rendered judgment.

The evidence is sufficient to support the finding of the court.

Judgment affirmed.

McMahan, C. J., not participating.